IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAOMI RICHES | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3:12-CV-4153-M-BN |
| | § | |
| BEYONCE, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Naomi Riches, a Pennsylvania resident, against singers Beyonce Giselle Knowles-Carter and Shawn Corey Carter ("Jay Z").[1] On October 16, 2012, the plaintiff tendered a complaint to the district clerk along with motion to proceed *in forma pauperis*. Because the information provided by the plaintiff indicates that she lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court now determines that this case should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] Notably, the allegations in this complaint are similar to those raised in frivolous lawsuits brought by a former federal prisoner, Jonathan Lee Riches. Riches is a vexatious litigant who has filed thousands of lawsuits in federal district courts across the country. *See, e.g., Riches v. Knowles*, No. C 07-6149 MJJ (PR), 2007 WL 4591339 (N.D. Cal. Dec. 28, 2007) (naming Beyonce Knowles as defendant); *see also Riches v. Wilkinson*, No. 5:11-CV-00048-KSF, 2011 WL 452982 at *1 (E.D. Ky. Feb. 4, 2011) (noting that as of January 2011, Riches "has filed more than three thousand cases in district courts across the country asking to intervene or seeking other relief; has frequently used absurd aliases; has asserted bizarre claims; has filed suit as one of multiple plaintiffs, either individually named as co-plaintiffs or named as aliases; and has frequently named news-makers, celebrities or events as parties[.]").

II.

The plaintiff appears to allege that well-known singers Beyonce and Jay-Z have engaged in a conspiracy to kill her by "knowingly taking [her] thoughts and turning them into music." (*See* Plf. Compl. at 1). She further alleges that the conspirators have taken advantage of devices implanted within her skull to monitor her, "shock [her] remotely into forced sexual acts[,]" and have denied her a needed kidney transplant. (*See* id. at 2-3). By this suit, plaintiff seeks one billion dollars in monetary damages and injunctive relief. (*Id.* at 1).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

>       (i)     is frivolous or malicious;
>
>       (ii)    fails to state a claim on which relief may be granted; or
>
>       (iii)   seeks monetary relief against a defendant who is immune from    such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is grounded upon an untenable or discredited legal theory. *See Neitzke*, 490 U.S. at 325. A claim may be deemed to lack an arguable basis in fact only if it is based upon factual allegations that are clearly fanciful or delusional in nature. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The claims raised in plaintiff's complaint are entirely fanciful and delusional and should be summarily dismissed for that reason alone.

B.

In addition, only "state actors" may be sued for federal civil rights violations. Private citizens, like defendants, become "state actors" only when their conduct is "fairly attributable to the State."

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *see also Bass v. Parkwood Hospital,* 180 F.3d 234, 241 (5th Cir. 1999). Plaintiff does not allege that the defendants violated any of her constitutional rights on orders from a state law enforcement officer or other state actor. Without facts to support such an allegation, the court is unable to conclude that the conduct of defendants is "fairly attributable to the State." *See, e.g. Chester v. Associates Corp. of North America,* No. 3-97-CV-3186-L, 2000 WL 743679 at *5 (N.D. Tex. May 26, 2000) (dismissing claim of employment discrimination against private corporation brought under section 1983); *see also Riches,* 2007 WL 4591339 at *1 (observing that Beyonce is a private individual not subject to liability under section 1983).

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

DATED: October 17, 2012.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE